WILLIAM LAWRY, administrator on the estate of SUBMIT LAWRY, deceased, in equity, *vs.* SETH SPAULDING and wife.

Penobscot. Opinion November 8, 1881.

*Bill in equity. Resultant trust.*

L and S purchased a lot of land and took a deed in S's name. S purchased of L his interest and gave a mortgage on one-half the land to secure the amount of the purchase money, the mortgage running to the wife of L. It was discovered that the grantor to S did not hold the record title and S procured a deed from the person in whom was the title in trust for the grantor to S and had the deed run to his (S's) wife for the purpose of defeating the mortgage to the wife of L.

*Held,* 1. That the wife of S held the property in trust for L and S in equal proportions.

2. That L could enforce his equitable rights against the wife of S and would have been entitled to the aid of the court if the mortgage had been made to him.

3. That the wife of L, to whom the mortgage was made, was equally entitled to the protection of the court whether she held it in her own right or as the trustee of her husband.

4. That this was not a case where the complainant is required to proceed at law before he can claim the interference and protection of a court of equity.

BILL IN EQUITY, heard on bill, demurrer and joinder.

The bill sets forth the facts stated in the opinion, and prayed that "Elvira Spaulding and Seth Spaulding by a decree of this court be required to secure said notes in substance as they and each of them in equity and good conscience ought to have done."

*Barker, Vose and Barker,* for the plaintiff.

*Plaisted and Smith,* for the defendant.

APPLETON, C. J. The demurrer to the complainant's bill admits the facts therein set forth. The inquiry then arises, whether it states a case in which the complainant is entitled to the aid of a court of equity. We think it does.

It appears that William Lawry and Seth Spaulding on November 15, 1854, purchased of John Hall a tract of land in Hermon, each paying half the price, and that the conveyance was made to Spaulding alone.

On October 21, 1856, Spaulding conveyed to Lawry an undivided half of the Hermon lot, but the deed was not placed on record.

On April 30, 1860, Spaulding and Lawry exchanged the Hermon lot for one in Glenburn with one Abraham Close, taking a conveyance from him to Spaulding.

On May 11, 1861, Spaulding agreed with Lawry to purchase his half of the Glenburn lot for the sum of two hundred dollars, and to give him therefor three notes of that date, each for sixty-six dollars and sixty-six cents with interest, in one, two and three years, and to secure the same by mortgage of an undivided half of the Glenburn lot which he held in trust for said Lawry, the notes and the mortgage running to Submit Lawry, his wife, as whose administrator, Lawry brings this bill.

It appears that Close, when he conveyed on April 30, 1860, the Glenburn lot, had no title to the same, but that the title was in one John C. Clements in trust for him, and that said Clements on June 23, 1864, at the instance of said Spaulding, conveyed the same to Elvira Spaulding, the wife of said Seth, in trust for him, and for the purpose of defeating the mortgage given by him to Submit Lawry.

The consideration for the conveyance from Clements to Elvira Spaulding was the conveyance of the lot in Hermon to Close. This lot was owned by Lawry and Spaulding. No part of the consideration of the Clements deed was furnished by Elvira Spaulding. She paid nothing for it. She held the estate as trustee. As half of the consideration of the Clements deed was from Lawry, she held the estate, so far as regards him, in trust for him. It is the not unusual case of a resulting trust. The

consideration for the conveyance from Clements having been furnished by Lawry and Spaulding equally, the trustee holds the Glenburn lot in trust for each in equal proportions. *Corey* v. *Greene*, 51 Maine, 114; *Dudley* v. *Bachelder*, 53 Maine, 403; *Rines* v. *Bachelder*, 62 Maine, 95; *Buck* v. *Swazey*, 35 Maine, 41.

It is obvious, therefore, that William Lawry could have enforced his equitable rights as against Mrs. Spaulding. He was *cestui que trust* and she a trustee. This court can always enforce the execution of a trust, when equity requires it. *Morton* v. *Southgate*, 28 Maine, 41.

Nor would the condition of Mrs. Spaulding be improved, if the conveyance of the estate was made to her for the purpose of defeating the mortgage. She paid nothing for the estate. She cannot avoid the trust by the claim, that she holds the estate for the purpose of defeating the rights of a *cestui que trust.*

As William Lawry could have enforced his equitable rights, so can his assignee. A trust is assignable in equity and may be enforced by an assignee. *Buck* v. *Swazey*, 35 Maine, 41.

William Lawry was entitled to the aid of the court, if the mortgage had been to him. His wife, to whom the mortgage was made, is equally entitled to the protection of the court, whether she held it in her own right or as the trustee of her husband.

This is not a case where the complainant is required to proceed at law before he can claim the interference and protection of a court of equity. Whether Mrs. Spaulding holds the Glenburn lot as trustee or for fraudulent purposes, in either event she holds it subject to the superior equities of the mortgagee of the same.

The plaintiff, under the general prayer in the bill, is entitled to relief.

> *Demurrer overruled. Defendants*
> *to answer.*

BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.